**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DENSO CORPORATION, AND DENSO INTERNATIONAL AMERICA, INC.,<br><br>    Defendants. | Case No. 1:17-cv-00297-LPS<br><br>JURY TRIAL DEMANDED |

**DENSO CORPORATION, AND DENSO INTERNATIONAL AMERICA, INC.'S
<u>ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT</u>**

Defendants DENSO CORPORATION ("DCJP") and DENSO INTERNATIONAL AMERICA, INC. ("DIAM") (collectively "DENSO" or "Defendants") hereby answer Plaintiff Intellectual Ventures II LLC's ("IV" or "Plaintiff") Complaint for Patent Infringement as follows:

**<u>GENERAL DENIAL</u>**

Unless specifically admitted below, DENSO denies each and every allegation and averment in IV's Complaint.

**<u>RESPONSES TO SPECIFIC ALLEGATIONS</u>**

DENSO responds to the numbered paragraphs of IV's Complaint with the following like-numbered responses.

**<u>NATURE OF THE ACTION</u>[1]**

1.    DENSO admits that IV purports to bring a patent infringement action for infringement of U.S. Patent No. 7,067,952 (the "'952 Patent" or the "Patent-in-Suit") under the

---

[1] DENSO's replication of headings in the Complaint is merely for convenience and is not to be considered an admission of their accuracy. Accordingly, DENSO denies them on this basis.

patent laws of the United States, Title 35 of the United States Code, but DENSO specifically denies infringement.  DENSO denies the remaining allegations and averments in Paragraph 1.

## THE PARTIES

2. DENSO is without knowledge or information sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph 2, and therefore denies the same.

3. DENSO admits that DCJP is a corporation organized and existing under the laws of Japan, with its principal place of business at 1-1 Showacho, Kariya, Aichi, 448-0029, Japan.

4. DENSO admits that DIAM is a corporation organized under the laws of Delaware with its principal place of business located at 24777 Denso Drive, Southfield, MI 48033.

## JURISDICTION AND VENUE

5. The allegations and averments in Paragraph 5 set forth legal conclusions to which no response is required. In the alternative, DENSO admits that IV purports to state a civil claim for patent infringement under 35 U.S.C. § 1 *et seq*. DENSO denies the remaining allegations and averments in Paragraph 5.

6. DENSO admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies any liability thereunder. DENSO denies the remaining allegations and averments in Paragraph 6.

7. DENSO does not contest venue in this District pursuant to 28 U.S.C. § 1391 and §1400(b) at this time.  However, DENSO denies that this is the most appropriate or convenient forum to exercise jurisdiction over it in this case.  DENSO denies the remaining allegations and averments in Paragraph 7.

8. These allegations set forth legal conclusions to which no response is required. In the alternative, DENSO denies the allegations and averments in paragraph 8.

## THE PATENT

9. DENSO admits the U.S. Patent No. 7,067,952 entitled "Stator assembly made from a molded web of core segments and motor using same," appears on its face to have been issued on June 27, 2006 to inventor Griffith D. Neal. DENSO further admits that a copy of what purports to be the '952 Patent is attached to the Complaint as Exhibit 1. DENSO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and averments set forth in paragraph 8 and therefore denies them.

10. DENSO is without knowledge or information sufficient to form a belief as to the truth of the allegations and averments of this paragraph, and therefore denies them.

## INFRINGEMENT OF THE PATENT-IN-SUIT

11. Denied.

12. DENSO is without knowledge or information sufficient to form a belief as to the truth of the allegations and averments of this paragraph, and therefore denies them.

13. DENSO is without knowledge or information sufficient to form a belief as to the truth of the allegations and averments of this paragraph, and therefore denies them.

14. DENSO is without knowledge or information sufficient to form a belief as to the truth of the allegations and averments of this paragraph, and therefore denies them.

## COUNT I
## INFRINGMENT OF THE '952 PATENT

15. DENSO hereby repeats its responses to paragraphs 1 through 14 and incorporates them herein by reference.

16. DENSO is without knowledge or information sufficient to form a belief as to the truth of the allegations and averments of this paragraph, and therefore denies them.

17. DENSO is without knowledge or information sufficient to form a belief as to the truth of the allegations and averments of this paragraph, and therefore denies them.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## PRAYER FOR RELIEF

DENSO denies that IV is entitled to any relief requested in its Prayer of Relief, or any other relief whatsoever.

## JURY DEMAND

DENSO hereby demands a jury trial on all issues so triable in this case.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. IV has failed to state any claim upon which relief can be granted.

### Second Affirmative Defense

2. Upon information and belief, the '952 Patent is invalid, unpatentable, and/or unenforceable because it fails to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### Third Affirmative Defense

3. DENSO does not infringe and has not infringed any valid and enforceable claim of the '952 Patent.

### Fourth Affirmative Defense

4. IV's claim for damages for alleged infringement is barred in whole or in part by its failure to comply with 35 U.S.C. §§ 286 and/or 287.

### Fifth Affirmative Defense

5. IV's claim is barred in whole or in part by the doctrines of waiver, acquiescence, estoppel, implied license, unclean hands and/or any other equitable remedy.

### Sixth Affirmative Defense

6. DENSO reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case or any related action.

| | |
|---|---|
| Dated: April 16, 2017 | **DLA PIPER LLP (US)** |
| | |
| | /s/ Denise S. Kraft |
| *Of Counsel:* | Denise S. Kraft (DE Bar No. 2778) |
| | Brian A. Biggs (DE Bar No. 5591) |
| Paul R. Steadman | 1201 North Market Street, Suite 2100 |
| Matthew Satchwell | Wilmington, DE  19801 |
| DLA PIPER LLP (US) | Telephone:  (302) 468-5700 |
| 203 N. LaSalle St., Suite 1900 | Facsimile:  (302) 394-2341 |
| Chicago, IL  60601-1293 | denise.kraft@dlapiper.com |
| Telephone:  (312) 368-2111 | brian.biggs@dlapiper.com |
| Facsimile:  (312) 236-7516 | |
| paul.steadman@dlapiper.com | ***Attorneys for Defendants DENSO*** |
| matthew.satchwell@dlapiper.com | ***CORPORATION, and DENSO*** |
| | ***INTERNATIONAL AMERICA, INC.*** |